

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAY 3 1 2016

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GRISELDA C. DELBOSQUE, §
    Petitioner, §
§
§    **3:16-CV-1419-M**
v. §    **3:04-CR-0252-M**
§
UNITED STATES OF AMERICA, §
    Respondent. §

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

## I. Procedural Background

Before the Court is Petitioner's motion for leave to file a successive petition under 28

U.S.C. § 2255.

On June 15, 2005, Petitioner pled guilty to conspiracy to possess with intent to distribute

and distribution of a controlled substance, cocaine. The Court sentenced her to 235 months in

prison and a five year term of supervised release. On September 19, 2006, the Fifth Circuit

Court of Appeals dismissed Petitioner's appeal. *United States v. Del Bosque*, No. 06-10158 (5th

Cir. Sept. 19, 2006).

On August 13, 2007, Petitioner filed her first § 2255 petition. *Delbosque v. United States*,

No. 3:07-CV-1389-M (N.D. Tex.). On December 10, 2008, the district court denied the petition

on the merits. On July 27, 2009, the Fifth Circuit denied a certificate of appealability.

On September 4, 2013, Petitioner filed her second § 2255 petition. *Delbosque v. United States*, No. 3:13-CV-3812-M (N.D. Tex.)  On October 22, 2013, the district court transferred the petition to the Fifth Circuit as successive.  On January 8, 2014, the Fifth Circuit denied authorization to file a successive petition.

On May 11, 2016, Petitioner filed the instant petition.  She seeks leave to file a successive petition to challenge her conviction under the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015).

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255.  This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court.  28 U.S.C. §§ 2241 and 2255.

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion.  Petitioner must obtain such an order before another motion for post-conviction relief is filed.

### III.  Recommendation

The Court recommends that this petition be TRANSFERRED to the United States Court

of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this *31* day of *May*, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).